May it please the court. My name is Molly Carlin. I'm an assistant federal public defender in the District of Arizona and I represent Zane Dickinson. Now Mr. Dickinson was convicted of attempted murder with no finding by the jury that he intended to kill anyone. Instead the jury he had committed attempted murder if he intended only serious bodily injury to the victim. And the state court held that this jury instruction was error and the state now doesn't dispute that trial counsel was deficient for failing to object to the erroneous instruction. What do we do with the fact that his defense at trial was mistaken identity? It wasn't me. Your honor I don't think that's relevant here and I would note that that's something that the Arizona Court of Appeals considered but it's not an appropriate consideration here because trial counsel was laboring under the misimpression that intent to cause serious physical injury was so he had no need to argue that there was no intent to kill and he certainly could have made that argument. I thought though that the prosecution theory all along was that he was trying to kill him and that's what they argued to the jury and that seemed to me to be the thrust of the state appellate court's review of the record. Well two points on that your honor. First this Strickland analysis the party's arguments have no relevance. Second the the state court. Well I'm not sure that's right counsel that have no relevance I mean we're reviewing we're reviewing under AEDPA are we not the reasonableness of the factual determination by the state court. Well if your honor is talking about 2254E the Arizona Court of 2254E deference because it didn't resolve any disputed questions of fact and the things the state is pointing to are really characterizations of the evidence but beyond that the Arizona Court of Appeals notes on the first page of its opinions on footnote one of ER40 that it's reviewing the evidence in the light most favorable to sustain the conviction. That's really more of a sufficiency question it's Dixon and Riley have both said in this court that that's not the test and so it's surprising. I'm having a hard time squaring your argument with the fact that there really isn't any challenge to the underlying facts here the question is whether the thrust of the error was prejudicial to your client and and the state court resolved that by saying even if the instruction was erroneous the evidence was strong enough here on which a reasonable jury could go. Well your honor that decision or that analysis is not entitled to deference for two reasons. First it was assessing a question of state law the prejudice fundamental error standard is not the standard here. But doesn't it go to whether or not there is cognizable harm under Martinez versus Ryan in assessing the ineffectiveness of appellate counsel? It does not your honor the appellate court explicitly says that it is the three factors relevant to its prejudice determination are counsel's arguments which the Supreme Court has said is not relevant the defense theory which as I noted was informed by IAC which was not an issue in that decision but also that it looked at the evidence in the light most favorable to the state. So its analysis is really more of was the evidence sufficient to sustain a conviction of intent to kill whereas the question here is not that because we're not disputing that the question is whether the jury alternatively could have found a reasonable probability just one juror to reasonable probability. But we're the problem is we have to we have to be convinced that that this error was so prejudicial that we question the efficacy of the fairness of the trial and we need to avert a mistrial of or mischaracterization or mishap of justice as a result. Well your honor you can and it's really a totality of the circumstances review of the evidence. I would note that the standard is high extremely high particularly in gray. The evidence was that the defendant said he was going to blow the victim's brains out and then tried to shoot him a number of times. Here the evidence is is less egregious than that. The evidence is maybe less egregious but it's pretty persistent. I mean first you have the threats then you have the you know I'm going to take an ax to you and and then he says I'm going to kill you and then he gets in his car or his truck and he runs him over twice and then comes back and says to the witness I did it. That's pretty strong evidence that he was trying to kill him isn't it? Your honor I don't think so and that's for two reasons. One the altercations beforehand. Mr. Dickinson had an opportunity to kill Mr. Hatch if he wanted to and he didn't and the gray court said that showed that in that case the defendant's intent was not necessarily to kill the victim. He also told Mr. Alteaser the homeowner I'm going to run him down. He didn't say I'm going to kill him and the actual evidence the testimony from Mr. Hatch of the incident was that the passenger side of the truck hit his bike then he fell off the bike and it looks like then he rolled under the vehicle. So it's after lying in wait in the field for him to come along on the bicycle. That certainly would be evidence of intent that he well either intended to scare him or intended to hurt him but the manner in which the truck hit the bike it's it's not clear that that that it was you know inevitable or certainly there was intent to kill him and to the extent the evidence is ambiguous or equivocal it was the state's burden to prove intent to kill beyond a reasonable doubt or you know the erroneous theory of serious physical injury. But all the state courts that have looked at this have all and and that it did show that he intended to kill. Well your honor I agree but that's not the question. The question is not whether the evidence was sufficient to find intent to kill but whether it was also susceptible to the inference that his intent was to commit serious physical injury. And I'll note that the trial judge thought that the state's case was not compelling. He said he wouldn't be shocked if the if there was no conviction on the attempted murder charge. And the trial judge was also laboring under the misimpression that intent to commit serious physical injury was enough. So the trial judge was skeptical that the jury would find even that. And the trial judge of course heard heard the evidence was able to evaluate the witnesses and there I'll note there are a few places in the transcript key moments that are marked incomprehensible and the trial judge presumably heard whatever was said there and did not find it. You would agree that Dickinson's burden is to show a reasonable probability that the jury would have decided the case differently if they'd been properly instructed. Yes but a reasonable probability is not the standard that the government is suggesting that that means it was outcome determinative or certainly suggesting a maybe a more likely than not standard. A reasonable probability we're talking about just one juror could have the evidence and thought I think he might have intended to have serious to commit serious physical injury but not to kill the not to kill Mr. Hatch. And the evidence here is at least ambiguous and certainly susceptible to that inference. I want to address the difference between the two standards of review. In other words there seems to be an argument that that the prejudice here is that he was precluded from making a stronger argument on appeal had the objection been properly properly preserved. Yes there are two independent arguments your honor either of which is sufficient to require relief. And so that's one of them and under Arizona law an instruction that lessens the state's burden to prove an element requires reversal. You don't preserve this issue which the state doesn't dispute the instruction lessen the burden. There would have been reversal certainly a reasonable probability that there would have been a different outcome on appeal. Okay but what cases support your position that we have to look at the appellate standard versus the impact on of what happened at trial? Well your honor there are cases out of published decisions out of three other circuits and an unpublished decision in this circuit where the appellate court held exactly that the trial counsel's failure to preserve a viable issue deprived the defendant. Weren't those cases a little different in that they address the counsel's failure to preserve an argument for appeal or to preserve the right to appeal by in one instance failing to even file a notice of appeal versus the impact of a claim in the trial court? Well they do assess and I see I'm out of time your honor if I might answer. They do assess that they do assess the impact of trial counsel's deficient performance on the appeal and you're right that the supreme court cases seem to address the they do address the loss of an appeal entirely but the circuit cases we've cited which are Vanderpool, Parker, Rogers and Burge in all of those cases the defendant was able to appeal the issue but the standard on appeal for raising an unpreserved error was so high that he was not able to prevail but he the court of appeals held that he the federal court of appeals held that he would have prevailed or there's a reasonable probability he would have prevailed on direct appeal if the issue had been preserved and so I'll I'm over time. All right thank you. Thank you. All right Ms. Francis. Good afternoon may it please the court Jillian Francis assistant attorney general representing respondents in this matter. The district court correctly found that petitioner's claim was procedurally defaulted without excuse. Martinez does not act to excuse the procedural default because Dickinson has to show that PCR counsel is ineffective under Strickland which requires a showing of both deficient performance and prejudice and had the claim been raised in PCR proceedings the PCR court would consider the state's repeated argument in opening and closing that the defendant intended to kill the victim which I disagree with counsel I believe is very important in assessing prejudice and also the defendant's defense of mistaken identity which if the jury would have believed the defendant they would have been able to find him not guilty. We also have the evidence in this case which is includes a petitioner's own statement that he was going to kill the victim minutes before this incident took place and the PCR court would have had before it the court of appeals opinion which addressed prejudice under a less onerous burden and I believe your honor asked about the difference in standard between fundamental error prejudice and prejudice under Strickland and prejudice under fundamental error is a less onerous burden in assessing prejudice under fundamental error review the defendant would have to show a reasonable probability existed that the result of the proceeding could have been different which is different than of course Strickland's prejudice which requires that the result of the proceeding would have been different so and of course under Strickland it's not enough for the defendant just to show that the errors could have had some conceivable effect on the outcome of the proceedings but oh so counsel I want to make sure I understand here so if if if this had been if if PCR counsel had raised this um then and it had been reviewed for fundamental error all you'd have to prove is that is that the result could have been different um is that correctly I'm sorry if PCR counsel had raised this then the PCR court would be looking at um Strickland prejudice and so they would have they would assess whether trial counsel was deficient and whether that deficiency prejudiced um the defendant okay and okay and with and and whether the result would have been different or could have been different whether the result would have been different okay so that's that's Strickland but if you if you had if if counsel on direct appeal had argued that it was fundamental error then all you would have to argue is that it could have been different that's correct your honor yes okay and and which of these do we apply we apply Strickland prejudice here um so we uh the petitioner has the burden of showing that the result would have been different okay now the the um um Dickinson has argued that he's got sort of two avenues to do that one is to sort of go through the uh the error on at the appeal and the other is to sort of go through the error committed at the trial so if you go through if we take that first one and go through the error in the appeal isn't it isn't it apparent even if we have to do Strickland and apply that to what would have happened at the appeal that there clearly is error and that the court of appeals would have reversed this on appeal I'm not sure that they would have reversed it had the objection been raised but in the PCR court would have had to apply Arizona law which requires that the court look to whether the outcome of trial would have been different not whether the defendant would have been entitled to a less onerous standard of review on appeal I mean the error the error here is um really quite serious I mean this is not this this must not this is the this is a slam dunk in our court if it comes up on direct appeal if this if this has been made by by one of our courts uh you know there's no question I think as to what we would have done in a case like this um well your honor I think it depends on the facts of each case and the court of appeals did find that this error was it was error and it was fundamental but when you look at the facts of this case and um like I said the state's theory the state in its opening statement I believe it was the first couple sentences in said the defendant intended to kill this victim um sure and if we were if we were here if we were here on a question as to whether there's you know giving all of the deference to the government as to whether there's sufficient evidence to sustain the verdict I think that's an easy decision and that's an easy affirm for Arizona if that's if that's what we're asking but that that seems to me that if we were looking at this on direct appeal that is the wrong question you you've got you've got a bad error um and you have the possibility that you've got a that you've got a juror who says I've got some questions as to whether he really intended to kill him but that's all but I don't have to find that all I have to and that's pretty apparent I mean that's I think that's an easy one if that's all you have to find for second degree murder in Arizona that this is a really this is a really easy verdict under under almost almost done under any explanation here but if you have to find that he intended to kill him when he ran him over with the truck I I think that's a closer question all right well sorry go ahead go ahead oh well I was just going to say um right well that you know if the claim had been raised then under um direct appeal the court would have addressed for harmlessness but here we the court addressed from for prejudice the court of appeals I'm sorry and um I think if you look at the state's theory the defendant's defense all the evidence in this case um and I know um Dickinson's counsel mentioned the judge's comments at the rule 20 and um the judge there commented that um the attempted second degree murder would be the hardest to prove because trying to convince a jury that he was intending to kill someone as opposed to mess him up is harder thing to do but he understood that intent to kill was required and and he allowed that um to go forward to the jury and I think all the parties the the um prosecutor and the defense all all were under the impression that um the intent to kill was required in that yeah except that that's not that's not entirely true because because the state's counsel uh repeated the wrong standard in his closing argument he may have argued that that they had that they'd shown enough to show intent to kill but he but he I I believe he was saying that stand um he was just repeating the instruction which contained that so serious physical injury language but he continually um argued that the defendant in this case intended to kill the victim counsel I guess what what bothers me about the petitioner's argument is if there if there's a difference between the standards of review here we would conclude at the trial level applying Strickland that while there may have been error it's insufficient for relief because there was substantial evidence of intent to kill the victim and Dickinson cannot show a reasonable probability that the jury would have decided differently or properly instructed but then we would say there was prejudice on direct appeal which is sufficient for relief because it would have been difficult for the state to show that the instructional error was harmless beyond a reasonable doubt so so you have an internal inconsistency there and I can't resolve that inconsistency you understand my question no I'm sorry your honor but I think Judge Tolman the I think that's where some of the confusion is coming from he didn't object to the instruction at trial then he then counsel raised it on direct appeal and the Arizona court of appeals applied their fundamental error standard um because it hadn't been preserved similar to our plain error standard and so found that it was an error that was fundamental and looked at prejudice and found that there wasn't prejudice then PCR post-conviction relief counsel filed a petition but didn't raise instructional error again and then he filed his habeas petition and is arguing that his procedural default should be excused because of ineffective assistance from TCR counsel and that claim would be based on ineffective assistance of trial counsel so it gets pretty pretty muddled um where going through all those procedures I mean I've heard a lot of the conversation back and forth saying what would have happened on appeal we know as a direct appeal and his counsel raised the instructional error argument sorry your honor you did a much better job of restating my concern um I'm sorry your honor I just missed the last part of your question about the uh direct appeal if you could repeat that or if that was a question well I wasn't asking a question I was trying to figure out you know clarify what had happened below and Judge Tolman had a question I'm sorry I jumped in no no I all I said was I think you did a much better job of rephrasing my uh my concern and I think I introduced some of the confusion I think you clarified some of the confusion that I introduced so okay thank you all right so um I'm sorry Miss Francis we we've uh kept you over if you want to take a couple seconds to wrap up it sure um thank you your honor I would just ask this court first determine whether um whether a petitioner had shown cause to excuse the procedural default of PCR counsel for failing to raise the claim and also ask that this court deny the writ of habeas corpus thank you thank you and Miss Carlin you had wanted to save a little time for rebuttal and we took you right up in fact over your time so if you want to take a minute or so and for rebuttal you may do so thank you your honor um I want to try to address first um this could be wood versus wood distinction um I think that's uh that's a red herring the standard is a reasonable probability uh and I think it's good address my question Miss Carlin uh as rephrased much better by Judge Bain you understand the concern here I we would be applying two different analyses one at the trial level one at the appellate level using different standards of review and and therein lies an inconsistency that I just can't resolve I I think I understand your question and um when if you're talking about the standards of that we applied for I'm not sure if your question goes to the two separate arguments the claim was raised on direct appeal but as Judge Beatty notes Arizona law is such that if the trial counsel fails to object to the instruction then the best you get is fundamental error review which as I understand is somewhat akin to our plain error standard under federal rule 52 whereas if it had been properly preserved as Judge Bybee points out and raised on direct appeal he might have obtained relief because the state would have a higher burden uh of uh of showing that there's that the conviction should be sustained beyond a reasonable doubt even though there was error and and your argument if we accept it is that even though in the absence of an objection there may have been no fundamental error at the trial level but nonetheless on habeas review we're going to reverse and remand and find uh prejudicial error applying strictly um I think I understand uh your point your honor and um again that's one of two avenues but uh again three other courts of appeal and published decisions have um have accepted that as uh has the ninth circuit in an unpublished disposition and I'll note that um three of those decisions to the published decisions and this court's decision also were to excuse me 2254d which doesn't apply here so they thought that that um that that analysis uh was not only appropriate but was compelled um under uh supreme court precedent under Strickland um uh and uh so I'll um I will ask the court to um grant the writ thank you thank you both for your arguments this afternoon and we will take this court under submission and I believe that is our last okay oh no one more on the calendar uh wills versus soul which is case number 19-16053 and that was um taken under submission on the briefs and that is uh our calendar for today so we will um be in recess until tomorrow thank you
judges: Tallman, Bybee, Bade